FILED

JUL 2 5 2025

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF OHIO**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

SCOTT GARDNER,

> *Plaintiff,*

vs.

JANE DOE 1, in her individual capacity as a

Deputy United States Marshal,

and

UNITED STATES MARSHALS SERVICE,

a federal agency of the U.S. Department of

Justice,

> *Defendants.*

Civil No.: **1:25 CV 01554**

**JUDGE CALABRESE**

Assigned Judge: _____

**MAG. JUDGE GREENBERG**

**COMPLAINT FOR DAMAGES AND**

**DECLARATORY RELIEF**

COMES NOW Plaintiff SCOTT GARDNER (hereinafter "Plaintiff") and files this complaint for damages and declaratory relief against JANE DOE 1 and asserts as follows:

## INTRODUCTION

1.      This action arises under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

2.      Plaintiff Scott Gardner was lawfully present in a publicly accessible area of the courthouse on June 25, 2025.

3.      Defendant Jane Doe 1, a Deputy U.S. Marshal, falsely claimed that recording was prohibited, refused to provide legal justification, and threatened Plaintiff with arrest without legal cause.

4.    Plaintiff disclosed that he has a hearing impairment and asked the Marshal multiple times to repeat her name and badge number.

5.    Defendant responded with sarcasm and refused to accommodate Plaintiff's hearing-related requests.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 794.

7.    Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391(b)(2), as the events giving rise to this action occurred at a federal courthouse located in Cleveland, Ohio.

## PARTIES

8.    Plaintiff Scott Gardner is a resident of Portage County, Ohio. He is a former police chief and operates The Infamous Ex-Chief, a public affairs media platform.

9.    Defendant Jane Doe 1 is a Deputy United States Marshal, sued in her individual capacity. Her full name is currently unknown.

10.    Defendant UNITED STATES MARSHALS SERVICE is a federal law enforcement agency within the U.S. Department of Justice. It receives federal financial assistance and is subject to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. It is sued in its official capacity for purposes of Count IV.

## FACTUAL ALLEGATIONS

11.    On June 25, 2025, Plaintiff entered a federal courthouse lobby in Cleveland, Ohio, and was not actively recording when first approached by a court security officer.

12.    Plaintiff was informed that recording was prohibited and was shown a sign posted in front of the screening machines. The sign cited 41 CFR § 102-74.420.

13.     Plaintiff read 41 CFR § 102-74.420, which permits recording in public areas of federal buildings unless otherwise restricted by lawful order.

14.     Deputy U.S. Marshal Jane Doe 1 joined the interaction and repeated that recording was not allowed inside the building.

15.     When Plaintiff asked for the legal basis, Defendant claimed there was a standing court order issued by the Chief Judge.

16.     Plaintiff asked to see a copy of the court order. Defendant refused and told Plaintiff to "take it up with the judge."

17.     Plaintiff then began audio recording the interaction on his Apple Watch to document the misconduct.

18.     Defendant responded by threatening Plaintiff with arrest and ordered him to leave the building.

19.     Plaintiff was not physically removed but was continuously ushered toward the exit with the stated threat of arrest if he did not leave.

20.     Plaintiff advised Defendant that he has a hearing impairment and asked several times for her name and badge number.

21.     Defendant stated that she was not required to provide her name and only needed to provide her badge number. She gave a number once, which Plaintiff was unable to hear. Plaintiff then visibly showed his hearing aids and again requested the information be repeated.

22.      Defendant refused and sarcastically told Plaintiff to "listen to the audio later."

23.     Plaintiff complied under duress, despite violating no posted law or policy.

24.     Plaintiff filed FOIA Request No. 2025-USMS-001593 on June 25, 2025 to identify the Deputy Marshal and obtain a copy of the alleged court order. No response has been received as of filing.

## CLAIMS FOR RELIEF

## COUNT I

### Violation of the First Amendment of the U.S Constitution

25.     Plaintiff hereby incorporates by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

26.     Plaintiff was engaged in expressive conduct in a public forum.

27.     Defendant interfered with that activity without legal basis and in retaliation for asserting First Amendment rights.

28.     Defendant's conduct constituted unlawful prior restraint and viewpoint discrimination.

29.     As a result of Defendant's conduct, Plaintiff's First Amendment right was unlawfully curtailed.

## COUNT II

### Violation of the Fourth Amendment of the U.S. Constitution

30.     Plaintiff hereby incorporates by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

31.     Plaintiff was threatened with arrest and removed from public property without probable cause.

32.     Defendant's actions constituted an unlawful seizure in violation of the Fourth Amendment of the U.S. Constitution.

## COUNT III

### Violation of Fifth Amendment Due Process Rights

33.     Plaintiff hereby incorporates by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

34.     Plaintiff was not shown or given access to the court order used to justify his removal.

35.     He was denied the opportunity to contest the basis of the restriction and was not given proper identification by the officer involved.

36.     Said conduct amounted to a violation of Plaintiff's Fifth Amendment due process rights.

## COUNT IV

### Violation of the Rehabilitation Act

### (29 U.S.C. § 794)

37.     Plaintiff hereby incorporates by reference all the allegations contained in all the preceding paragraphs of this complaint as though fully stated herein.

38.     Plaintiff has a documented hearing impairment.

39.     The United States Marshals Service receives federal financial assistance and is subject to § 504.

40.     Plaintiff requested a reasonable accommodation (repetition of name/badge).

41.     Defendant refused, mocked Plaintiff, and failed to provide any meaningful accommodation.

42.     Said action amounts to a violation of the Rehabilitation Act.

43.     Plaintiff brings this claim against Defendant United States Marshals Service under 29 U.S.C. § 794.

## DAMAGES

44.     As a result of Defendant's conduct, Plaintiff suffered:

    i.     Violation of constitutional rights

    ii.    Emotional distress and humiliation

    iii.   Reputational harm

    iv.    Interference with lawful journalistic activity

    v.     Chilling of future expressive conduct

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    i.     Enter judgment against Defendant Jane Doe 1;

    ii.    Declare that her conduct violated Plaintiff's constitutional and statutory rights;

    iii.   Award compensatory and/or nominal damages;

    iv.    Award reasonable costs and attorney's fees;

    v.     Grant such other relief as the Court deems just and proper;

    vi.    Issue a declaratory judgment that the application of a court order restricting recording—without citation, posting, or production upon request—violates Plaintiff's rights under the First and Fifth Amendments;

    vii.   Enjoin Defendant in her official capacity and associated personnel from ejecting individuals without legal basis, written notice, or identification.

Dated: _____

Respectfully submitted,

Scott Gardner
645 Howe Ave., #1152
Cuyahoga Falls, OH 44221
theinfamousexchief@gmail.com
Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I, SCOTT GARDNER, certified on this ___25ᵗʰ___ day of ___July___ 2025, I deposited a

true copy of the above to the Defendant by placing the documents with prepaid postage in the

United States mailbox address.

Dated: 07/25/2025

Respectfully submitted:

Scott Gardner
645 Howe Ave., #1152
Cuyahoga Falls, OH 44221
theinfamousexchief@gmail.com
Plaintiff, *pro se*