**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT GARDNER, | ) | Case No. 1:25-cv-1554 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| JANE DOE 1, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Scott Gardner brings this action without a lawyer against the United States Marshals Service and Jane Doe 1 for alleged violations of his constitutional rights and a violation of the Rehabilitation Act. The United States Marshals Service moves to dismiss. For the following reasons, the Court **GRANTS** the motion.

## STATEMENT OF FACTS

On Defendant's motion to dismiss, the complaint alleges the following facts, which the Court accepts as true and construes in the light most favorable to Plaintiff as the non-moving party, as it must in the present procedural posture.

On June 25, 2025, Plaintiff Scott Gardner, a former police chief who now operates a public affairs media platform known as "The Infamous Ex-Chief," entered the Carl B. Stokes United States Courthouse in Cleveland, Ohio carrying recording equipment. (ECF No. 1, ¶¶ 2 & 8, PageID #1–2.) Before going through security screening, and although he was not actively recording, a court security officer told

Mr. Gardner that recording within the courthouse is prohibited.  (*Id.*, ¶ 11, PageID #2.)

The court security officer directed Mr. Gardner to signage near the screening area that detailed the prohibition of recording within the courthouse. (*Id.*, ¶ 12, PageID #2.)  According to Mr. Gardner, the signage clarified that "recording in public areas of federal buildings" is permitted "unless otherwise restricted by lawful order." (*Id.*, ¶ 13, PageID #3.)  A Deputy United States Marshal, Jane Doe 1, "joined the interaction" and again informed Mr. Gardner that recording was not allowing inside the courthouse.  (*Id.*, ¶ 14.)

Mr. Gardner asked the deputy for the "legal basis" for prohibiting recording within the courthouse, to which he was allegedly told that the Chief Judge had issued a standing order.  (*Id.*, ¶ 15.)  Mr. Gardner states that he requested a copy of the standing order but was not provided one.  (*Id.*, ¶ 16.)  Instead, Mr. Gardner claims that the deputy told him to "take it up with the judge."  (*Id.*)

Then, Mr. Gardner allegedly began an audio recording of the interaction on his Apple Watch "to document the misconduct."  (*Id.*, ¶ 17.)  At this point, Mr. Gardner alleges that the deputy ordered him to leave the courthouse and threatened him with arrest.  (*Id.*, ¶ 18.)  According to Mr. Gardner, as his watch was audio recording the interaction, he was not "physically removed but continuously ushered toward the exit with the stated threat of arrest if he did not leave."  (*Id.*, ¶ 19.)

As he was being escorted to the exit, Mr. Gardner asked for the deputy's name and badge number, which she provided only once.  (*Id.*, ¶ 21.)  Mr. Gardner alleges

that, because of a hearing impairment, he was unable to hear the badge number and asked that the deputy repeat it. (*Id.*) Mr. Gardner alleges that the deputy refused to repeat her badge number and instead told him "to 'listen to the audio later.'" (*Id.*, ¶ 22.) According to Mr. Gardner, he complied and departed the courthouse but did so under duress because he did not violate "posted law or policy." (*Id.*, ¶ 23.)

### STATEMENT OF CASE

On July 25, 2025, Mr. Gardner filed a complaint against Jane Doe and the United States Marshals Service. (ECF No. 1.) Mr. Gardner asserts four causes of action: (1) violation of his First Amendment rights (Count I); (2) violation of his Fourth Amendment rights by removing him from the courthouse (Count II); (3) violation of his Fifth Amendment right to due process (Count III); and (4) violation of the Rehabilitation Act (Count IV). (*Id.*, ¶¶ 25–43, PageID #4–6.) Mr. Gardner brings Counts I, II, and III pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Jane Doe and the United States Marshals Services. (*Id.*, ¶¶ 25–36, PageID #4–5.) Count IV he brings only against the United States Marshals Service. (*Id.*, ¶¶ 37–43, PageID #5–6.)

Shortly after filing the complaint, Mr. Gardner filed a motion for early limited discovery to identify Defendant Jane Doe 1 pursuant to Rule 26(d)(1). (ECF No. 3.) Mr. Gardner argues that this discovery is necessary because Jane Doe 1's identity is "essential for service of process and amendment of the pleadings." (*Id.*, PageID #19.) Also, Mr. Gardner filed an additional notice regarding the motion to clarify that he has not yet discovered the identity of Jane Doe 1. (ECF No. 12.)

3

The United States Marshals Service moved to dismiss all counts against it. (ECF No. 9.)  It argues that it is not a proper defendant in a *Bivens* action and that the Rehabilitation Act does not apply.  (ECF No. 9-1, PageID #42–43.)  Defendant does not move to dismiss the claims against Jane Doe 1 in her individual capacity. (*See* ECF No. 9; ECF No. 9-1, PageID #43 n.2.)

In response to the motion to dismiss, Mr. Gardner filed five motions.  (ECF No. 10; ECF No. 11; ECF No. 13; ECF No. 14; ECF No. 15.)  In addition to his initial opposition, Mr. Gardner filed three notices clarifying and correcting his opposition and a motion for leave to file a corrected opposition.  (*Id.*)  In its reply, Defendants addressed all five filings related to Mr. Gardner's opposition to the motion to dismiss. (ECF No. 16, PageID #95.)  Following the reply, Mr. Gardner filed another motion for leave, this time, to file a surreply.  (ECF No. 17.)  The Court **GRANTS** Plaintiff's motion for leave to correct his opposition.  (ECF No. 13).  However, the Court **DENIES** the motion for leave to file a surreply.  (ECF No. 17.)  The Court received enough briefing from the parties, who had ample opportunity to correct and develop all the arguments that they wished without the need for a surreply.

In opposition, Mr. Gardner concedes that the United States Marshals Services is not the proper Defendant for his *Bivens* claims and, therefore, does not oppose dismissal of the United States Marshals Service from Counts I, II, and III.  (ECF No. 11, PageID #59; ECF No. 13, PageID #65; ECF No. 15-1, PageID #83.)  Therefore, the Court **DISMISSES** the United States Marshals Service from these three counts.

4

## ANALYSIS

Under Rule 12(b)(6), a court may dismiss a complaint if it fails to state a claim on which a court may grant relief.  Fed. R. Civ. P. 12(b)(6).  A motion under Rule 12(b)(6) tests "the plaintiff's cause of action as stated in the complaint" and is "not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).  A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability."  *Twombly*, 550 U.S. at 555, 557 n.5.  On a motion to dismiss, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor.  *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  But a pleading must offer more than mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Nor is a court required to accept "[c]onclusory allegations or legal conclusions masquerading as

factual allegations." *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631,634 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 544).

Therefore, the Court must distinguish between "well pled factual allegations," which must be treated as true, and "naked assertions," which need not be. *Iqbal*, 556 U.S. at 678; *see also*, e.g., *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiffs' factual allegations were not well-pled, their conclusory nature disentitled them to the presumption of truth). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Although the pleadings and documents *pro se* litigants file are liberally construed and held to less stringent standards than the formal pleadings of lawyers. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591,594 (6th Cir. 1989). Even a *pro se* complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to avoid dismissal. *Iqbal*, 556 U.S. at.678 (quoting *Twombly*, 550 U.S. at 570).

## I. Substantive Claims

Although Defendant does not seek dismissal against Jane Doe 1 in her individual capacity (*see* ECF No. 9; ECF No. 9-1, PageID #43 n.2), it argues that Plaintiff's *Bivens* claims are "subject to dismissal in any event" because there is no *Bivens* action for a claim sounding in the First Amendment. (*Id.*, PageID #43–44.) In the interest of judicial economy, the Court takes up the viability of Plaintiff's *Bivens* action for an alleged violation of the First Amendment. Plaintiff opposes

dismissal of Count IV, in which the United States Marshals Service is the only Defendant. (*Id.*)

### I.A.    Violation of the First Amendment (Count I)

*Bivens* provides an implied private right of action for damages against federal officers who have allegedly violated an individual's constitutional rights.  403 U.S. at 398.  However, since *Bivens* was decided in 1971, the Supreme Court has recognized remedies for constitutional violations in only three contexts:  (1) a cause of action under the Fourth Amendment where federal officers entered a private residence and arrested a plaintiff without a warrant, *id.* at 390; (2) an equal protection claim under the Fifth Amendment arising from the termination of a female congressional employee on the basis of her sex, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and (3) a cause of action under the Eighth Amendment for prison officials' deliberate inference to a federal inmate's serious medical needs, *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).

Outside of these contexts, the Supreme Court has made clear that expanding the remedies available for implied causes of action under *Bivens* is "disfavored."  *Id.* Indeed, the Supreme Court has specifically declined to create a remedy for alleged First Amendment violations by federal agents under *Bivens*.  *See Bush v. Lucas*, 462 U.S. 367, 390 (1983).  Accordingly, the Court determines that Count I cannot proceed as a matter of law.

### I.B.    The Rehabilitation Act (Count IV)

The Rehabilitation Act bars discrimination against individuals with qualifying disabilities in programs or activities that receive federal funding.  29 U.S.C. § 794(a).

To state a claim under the Rehabilitation Act, the complaint must plead that the plaintiff is: (1) a "handicapped person" under the Act; (2) "otherwise qualified" to participate in the program; and (3) being excluded from participation in, denied the benefits of, or subjected to discrimination under the program solely by reason of his handicap. *Id.*; *see also Doherty v. S. Coll. of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988). Also, the relevant program or activity must receive federal financial assistance. *Id.*

Defendant contends that the United States Marshals Service is not subject to liability under the Act. (ECF No. 9-1, PageID #46.) The Rehabilitation Act covers "any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). The statute defines a "program or activity" to include "all of the operations of" certain federally funded State or local agencies. *Id.*, § 794(b). Although this definition stops short of extending to federal agencies, the best reading of the statute subjects "all of the operations" of "any Executive agency" to the Act. Therefore, as an Executive agency, the United States Marshals Service is subject to the statute.

Still, Plaintiff's allegations do not implicate a "program or activity" of the United States Marshals Service within the meaning of the statute. The statute contemplates an organized and institutional undertaking that the Executive agency carries out, and the Act requires that such a program or activity be open and available for all to participate in without respect to any disability. *Id.* § 794(b). But the complaint challenges the conduct of a single deputy during an isolated encounter: the failure to repeat a badge number. This interaction concerns the conduct of a specific

8

individual in a particular encounter, not an agency-wide initiative, operational program, or public-facing service.  A plain reading of the statute makes clear that discrimination under the Rehabilitation Act does not extend to such individualized actions of a single Executive employee.

Further, the statute requires that the discrimination must be "solely" based on an individual's disability.  *Id.*  Even accepting the Plaintiff's allegations as true, and liberally construing them in his favor, the complaint fails to plead this element of a cause of action.  When the interaction with the deputy occurred, Mr. Gardner was already being removed from the courthouse before he advised of his hearing impairment and the deputy allegedly refused to repeat her badge number.  (ECF No. 1, ¶¶ 18–20, PageID #3.)  The allegations reflect that Plaintiff was removed from the courthouse for reasons independent of his disability; namely, for carrying recording equipment into the courthouse.

For these reasons, Plaintiff fails to state a claim under the Rehabilitation Act against the United States Marshals Service.

## II.  Expedited Discovery

Because Count II and Count III proceed against Defendant Jane Doe 1, the Court turns to Plaintiff's motion for expedited discovery.  Under Rule 26(d), a party may not seek discovery before the Rule 26(f) conference absent a court order.  Fed. R. Civ. P. 26(d).  Whether to allow expedited discovery rests within the Court's sound discretion under Rule 26(d), which expressly authorizes the Court to grant such a request.  *Id.*  Before granting expedited discovery, a party must show good cause. *Barrette Outdoor Living, Inc. v. Does*, No. 1:16-cv-914, 2016 WL 1588672, at *2 (N.D.

Ohio Apr. 20, 2016) (citing *Arista Recs., LLC v. Does 1-15*, No. 2:07-cv-450, 2007 WL 5254326, at \*2 (S.D. Ohio Nov. 5, 2007)).

In determining good cause, the Court considers whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista*, 2007 WL 5254326, at \*2 (citation omitted). In doing so, courts consider several factors, including whether (1) there is danger that the requested information will be lost or destroyed, (2) discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought. *Voltage Pictures, LLC v. Does 1-43*, No. 1:13-cv-465. 2013 WL 1874862, at \*5 (N.D. Ohio May 3, 2013). Additionally, where the discovery seeks to determine the identity of unknown defendants, courts generally determine that a plaintiff "'should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Barrette*, 202016 WL 1588672, at \*2 (citation omitted).

With these principles in mind, the Court finds good cause to grant Plaintiff's request for expedited discovery. The Deputy United States Marshal identified in the complaint as Jane Doe 1 remains unknown. Only Defendant has access to the information required to identify her. Plaintiff sought to learn her identity through a public records request, without success. Without expedited discovery, Plaintiff has no practical means of identifying or serving Jane Doe 1, and the claims against her cannot proceed. Further, the expedited discovery sought is confined only to the

identity of Jane Doe 1 and will substantially advance the case.  Accordingly, the Court

**GRANTS** Plaintiff's motion for expedited discovery (ECF No. 3).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to correct his

opposition (ECF No. 13), **DENIES** leave to file a surreply (ECF No. 17), **GRANTS**

the motion to dismiss of Defendant United States Marshals Service (ECF No. 9),

determines that Count I may not proceed as a matter of law, and determines that

Counts II and III may proceed against Defendant Jane Doe 1.  Further, the Court

**GRANTS** Plaintiff's motion for expedited discovery (ECF No. 3).

**SO ORDERED.**

Dated:  March 9, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio

11